1   Shawn M. Christianson (SBN 114707)
    Richard C. Darwin (SBN 161245)
2   BUCHALTER NEMER
    A Professional Corporation
3   333 Market Street, 25th Floor
    San Francisco, CA 94105-2126
4   Telephone: (415) 227-0900
    Facsimile: (415) 227-3537
5   Email:  rdarwin@buchalter.com

6
    James I. Glasser (*pro hac vice*)
7   Jenny R. Chou (*pro hac vice`*)
    Wiggin & Dana LLP
8   265 Church Street
    New Haven, Connecticut  06508-1832
9   Telephone: (203) 498-4400
    Facsimile: (203) 782-2889
10  Email: jglasser@wiggin.com
            jchou@wiggin.com
11

12
    *Attorneys for Defendant*
13  HIGHER ONE, Inc.

14                  **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17  CSWL, INC., a California corporation and      Case No. C 10-3177 PJH
    DAN G. PETERSON, a California resident,
18                                                **STIPULATED PROTECTIVE ORDER**
                                                  **FOR STANDARD LITIGATION**
19                           Plaintiffs,

20       vs.

21  HIGHER ONE, INC., a Delaware corporation,

22                           Defendant.

23

24

25

26

27

28

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

1      1.      PURPOSES AND LIMITATIONS

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the parties hereby stipulate to and petition the court to enter the following

6   Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

7   protections on all disclosures or responses to discovery and that the protection it affords from

8   public disclosure and use extends only to the limited information or items that are entitled to

9   confidential treatment under the applicable legal principles. The parties further acknowledge, as

10  set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

11  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

12  followed and the standards that will be applied when a party seeks permission from the court to

13  file material under seal.

14     2.      DEFINITIONS

15         2.1     Challenging Party: a Party or Non-Party that challenges the designation of

16  information or items under this Order.

17         2.2     "CONFIDENTIAL" Information or Items: information (regardless of how

18  it is generated, stored or maintained) or tangible things that qualify for protection under Federal

19  Rule of Civil Procedure 26(c) or state or federal privacy laws.

20         2.3     Counsel (without qualifier): Outside Counsel of Record and House

21  Counsel (as well as their support staff).

22         2.4     Designating Party: a Party or Non-Party that designates information or

23  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

24         2.5     Disclosure or Discovery Material: all items or information, regardless of

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 1 -
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 2 -
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

- 3 -

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

1    action, including the time limits for filing any motions or applications for extension of time

2    pursuant to applicable law.

3        5.        DESIGNATING PROTECTED MATERIAL

4            5.1      Exercise of Restraint and Care in Designating Material for Protection.

5    Each Party or Non-Party that designates information or items for protection under this Order

6    must take care to limit any such designation to specific material that qualifies under the

7    appropriate standards. The Designating Party must designate for protection only those parts of

8    material, documents, items, or oral or written communications that qualify – so that other

9    portions of the material, documents, items, or communications for which protection is not

10    warranted are not swept unjustifiably within the ambit of this Order.

11            Mass, indiscriminate, or routinized designations are prohibited. Designations that

12    are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13    unnecessarily encumber or retard the case development process or to impose unnecessary

14    expenses and burdens on other parties) expose the Designating Party to sanctions.

15            If it comes to a Designating Party's attention that information or items that it

16    designated for protection do not qualify for protection, that Designating Party must promptly

17    notify all other Parties that it is withdrawing the mistaken designation.

18            5.2      Manner and Timing of Designations. Except as otherwise provided in this

19    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

20    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

21    designated before the material is disclosed or produced.

22            Designation in conformity with this Order requires:

23            (a) for information in documentary form (e.g., paper or electronic documents, but

24    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 4 -

Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

1

2

3

4

5

6

    5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. Upon timely

correction of a designation, the Receiving Party must make reasonable efforts to assure that the

material is treated in accordance with the provisions of this Order.

7

    6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8

9

10

11

12

13

14

    6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

right to challenge a confidentiality designation by electing not to mount a challenge promptly

after the original designation is disclosed.

15

16

17

18

19

20

21

22

23

24

25

26

27

    6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

resolution process by providing written notice of each designation it is challenging and

describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been

made, the written notice must recite that the challenge to confidentiality is being made in

accordance with this specific paragraph of the Protective Order. The parties shall attempt to

resolve each challenge in good faith and must begin the process by conferring directly (in voice

to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of

service of notice. In conferring, the Challenging Party must explain the basis for its belief that

the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the chosen designation. A Challenging Party

may proceed to the next stage of the challenge process only if it has engaged in this meet and

28

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 6 -

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

1  confer process first or establishes that the Designating Party is unwilling to participate in the

2  meet and confer process in a timely manner.

3      6.3    Judicial Intervention. If the Parties cannot resolve a challenge without

4  court intervention, the Challenging Party may file a motion challenging a confidentiality

5  designation at any time if there is good cause for doing so, including a challenge to the

6  designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

7  this provision must be accompanied by a competent declaration affirming that the movant has

8

9  complied with the meet and confer requirements imposed by the preceding paragraph.

10      The burden of persuasion in any such challenge proceeding shall be on the

11  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass

12  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

13  to sanctions. All parties shall continue to afford the material in question the level of protection to

14  which it is entitled under the Producing Party's designation until the court rules on the challenge.

15

16      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

17      7.1    Basic Principles. A Receiving Party may use Protected Material that is

18  disclosed or produced by another Party or by a Non-Party in connection with this case only for

19  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

20  disclosed only to the categories of persons and under the conditions described in this Order.

21  When the litigation has been terminated, a Receiving Party must comply with the provisions of

22  section 13 below (FINAL DISPOSITION).

23

24      Protected Material must be stored and maintained by a Receiving Party at a

25  location and in a secure manner that ensures that access is limited to the persons authorized

26  under this Order.

27

28

- 7 -

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 8 -

Whenever Protected Material is to be discussed by a Party or disclosed in a

deposition or other hearing or proceeding, the Designating Party may exclude from the room any

person, other than persons listed in this paragraph, as appropriate, for that portion of the

deposition, hearing, or proceeding.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject

to this Protective Order. Such notification shall include a copy of this Stipulated Protective

Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" before a determination by the court from which the subpoena or order

issued, unless the Party has obtained the Designating Party's permission. The Designating Party

shall bear the burden and expense of seeking protection in that court of its confidential material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving

Party in this action to disobey a lawful directive from another court.

- 9 -

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

- 10 -

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

1

2

before a determination by the court.  Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this court of its Protected Material.

3

### 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4

5

6

7

8

9

10

11

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12

### 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

13

14

PROTECTED MATERIAL

15

16

17

18

19

20

21

22

23

24

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review. Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.

25

### 12.   MISCELLANOUS

26

27

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

person to seek its modification by the court in the future.

28

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 11 -

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

the material covered by this Protective Order.

12.3     <u>Filing Protected Material</u>. Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested persons, a

Party may not file in the public record in this action any Protected Material. A Party that seeks to

file under seal any Protected Material ("Submitting Party") must comply with Civil Local Rule

79-5. As provided in Civil Local Rule 79-5(d), within 7 days after the Submitting Party has filed

and served an Administrative Motion to File Under Seal, the Designating Party must file with the

Court and serve a declaration establishing that the designated information is sealable, and must

lodge and serve a narrowly tailored proposed sealing order, or acquiesce in the Submitting

Party's proposed order filed under Civil Local Rule 79-5(b) or (c), or must withdraw the

designation of confidentiality. If the Designating Party does not file its responsive declaration as

required by this subsection, the document or proposed filing will be made part of the public

record.

Protected Material may only be filed under seal pursuant to a court order

authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

79-5, a sealing order will issue only upon a request establishing that the Protected Material at

issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

If a Receiving Party's request to file Protected Material under seal pursuant to

Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the

- 12 -

1   information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed

2   by the court.

3          13.    FINAL DISPOSITION.        If the Producing Party makes a request citing this

4   section within 60 days after the final disposition of this action, as defined in paragraph 4, each

5   Receiving Party must return all Protected Material to the Producing Party in sealed envelopes or

6   boxes marked "CONFIDENTIAL" or destroy such material, within 30 days after receiving such

7   request. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

8   compilations, summaries, and any other format reproducing or capturing any of the Protected

9   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

10  submit a written certification to the Producing Party (and, if not the same person or entity, to the

11  Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all

12  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

13  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

14  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

15  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

16  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

17  product, and consultant and expert work product, even if such materials contain Protected

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 13 -
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: January 18, 2011                    WIGGIN AND DANA LLP

                                           By:_ /s/ James I. Glasser _____
                                           James I. Glasser (*pro hac vice*)

                                           BUCHALTER NEMER
                                           A PROFESSIONAL CORPORATION

                                           By:_ /s/ Richard C. Darwin _____
                                           Richard C. Darwin

                                           Attorneys for Defendant
                                           HIGHER ONE, INC.


Dated:  January 18, 2011                   HOGAN LOVELLS US LLP

                                           By: _/s/ Robert B. Hawk_____
                                           Robert B. Hawk

                                           Attorneys for Plaintiffs
                                           CSWL, INC. and DAN G. PETERSON


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _ January 21, 2011 _____   _____

                                           The Honorable Phyllis J. Hamilton
                                           United States District Judge

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 14 -
STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION
Case No. C 10-3177 PJH

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on [date] in the

case of *CSWL, Inc. v. Higher One*, Case No. C 10-3177 PJH.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

WIGGIN AND DANA LLP
265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06508-1832
(203) 498-4400

- 1 -